| | |
|---|---|
| DISTRICT COURT, ADAMS COUNTY, COLORADO<br>1100 Judicial Center Drive Brighton, CO 80601<br>Phone Number: (303)659-1161<br><br>JOHN M. VETTER, Plaintiff,<br><br>vs.<br><br>ANDREW ROTH, Individually and in his capacity as a Deputy Sheriff for Adams County, Colorado, JOHN DOE, Individually and in his capacity as a Deputy Sheriff for Adams County, Colorado, DOUGLAS DARR in his capacity as Sheriff of Adams County, Colorado, and "SKIP" FISHER, ALICE NICHOL AND LARRY PACE, in their capacities as Commissioners for Adams County, Colorado and ADAMS COUNTY, COLORADO Defendants. | EFILED Document – District Court<br>CO Adams County District Court 17th JD<br>2010cv598<br>Filing Date: Apr 5 2010 1:34PM MDT<br>Transaction ID: 30401986<br><br>▲ COURT USE ONLY ▲<br><br>Case No. 2010 CV ____<br><br>Div.:         Ctrm.: |
| Attorney for Plaintiff:<br>David R. Juarez, Registration #13304<br>11154 N. Huron Street, Suite 207<br>Northglenn, Colorado 80234<br>Telephone No: (303) 255 4779 Fax No: (303) 552-2079<br>Email: davidjuarez@nmcols.com | |
| **VERIFIED COMPLAINT** | |

COMES NOW the Plaintiff, individually, and by and through his attorney, David R. Juarez, and submits the following Complaint in support of his claims against the above named Defendants as follows:

## JURISDICTION

1. The Court has jurisdiction over the parties and subject matter of this action as at all times pertinent hereto, Plaintiff was a resident of Adams County, Colorado.

2. The Defendants conduct business in Adams County, Colorado as represented by

the Commissioners of Adams County, Colorado, the Sheriff of Adams County, Colorado herein after "County Defendants," Andrew Roth, individually and in his capacity as a Deputy Sheriff of Adams County, Colorado and John Doe, individually and in his capacity as a Deputy Sheriff of Adams County, Colorado.

3. The incident giving rise to this cause of action occurred in Adams County, Colorado on April 8, 2009.

4. That notice pursuant to C.R.S. §24-10-109, was provided to the Defendants on July 10, 2009 and July 13, 2009, within one-hundred eighty (180) days after the incident giving rise to this cause of action. More than ninety days have elapsed since the receipt of Notice of Plaintiff's claims.

## GENERAL ALLEGATIONS

5. On or about April 8, 2009, at approximately 4:15 p.m. in the vicinity of the public trail system path near the 2200 block of West 64th Avenue in unincorporated Adams County, Plaintiff was contacted by Defendant, Andrew Roth acting in his official capacity as a Deputy Sheriff for Adams County, Colorado

6. Plaintiff was walking on the path when he was stopped and detained by Deputy Roth. Deputy Roth lacked reasonable suspicion to believe that Plaintiff had committed any offense. Nonetheless, Deputy Roth detained Plaintiff over his objection.

7. Deputy Roth secured identification from Plaintiff and thereupon claimed that there were active warrants for failure to pay traffic fines outstanding against Plaintiff and advised Plaintiff that he was being placed under arrest.

8. Plaintiff denied having outstanding warrants. Deputy Roth directed Plaintiff to turn around and put his hands behind his back and leaned Plaintiff over the front of the Officer's vehicle. Deputy Roth became physically aggressive and violent with Plaintiff. After having placed the Plaintiff in handcuffs, Deputy Roth threw the Plaintiff to the ground forcing his head against the ground with his forearm. Thereafter, Deputy Roth struck Plaintiff on the side of his face, breaking his jaw.

9. Deputy Roth then placed Plaintiff into his vehicle and transported Plaintiff to the Adams County Sheriff's Department for processing for his arrest.

10. At the Adams County Detention Facility Plaintiff was spitting blood and unable to speak without extreme pain. Plaintiff insisted that he needed medical attention and requested to be seen by the nurse on staff at the Adams County Detention Facility.

11. Plaintiff was denied access to any medical treatment. Defendant John Doe acting in his official capacity as a Deputy Sheriff for Adams County or as an employee of Douglas Darr Sheriff for Adams County advised Plaintiff that since he was not being booked into the jail, he was not eligible for medical assistance. Plaintiff was thereafter released on a Summons, without posting bond, by staff at the Adams County Detention Facility.

12. Plaintiff was released into the streets of the City of Brighton, Colorado, after eight o'clock at night, without the means to communicate with anyone to provide him assistance. Plaintiff was released without any financial resources. Plaintiff's money was confiscated from him at the Adams County Detention Facility.

13. Defendant suffered a broken jaw which required surgical repair, abrasions and

extreme pain.

## FIRST CLAIM FOR RELIEF

### (Against Defendant Adams County Deputy Sheriff Andrew Roth)

14. Plaintiff incorporates paragraphs one through thirteen above as if fully set forth herein.

15. Plaintiff was assaulted by Deputy Sheriff Andrew Roth.

16. As a result of the assault by Deputy Andrew Roth, Plaintiff suffered injuries including, a broken jaw, abrasions to the side of his face, extreme pain and suffering.

17. That Deputy Roth's conduct was willful, intentional, or reckless and without just provocation on the part of the Plaintiff.

18. That as a result of the assault, Plaintiff was unable to work and lost employment opportunities. Plaintiff suffered emotional trauma became fearful of police and for his safety and seeks damages in an amount to be proven at trial.

19. That as a result of the injuries suffered to Plaintiff during the assault by Deputy Andrew Roth, Plaintiff had to undergo emergency medical procedures and subsequent surgery to treat the fractured jaw and has incurred damages therefrom in an amount to be demonstrated at trial..

## SECOND CLAIM FOR RELIEF

### (Against All Defendants)

20. Plaintiff incorporates paragraphs one through nineteen above as if fully set forth herein.

21. That Sheriff Douglas Darr, Adams County and the Commissioners for Adams

County, Colorado, hereinafter "County Defendants" were Defendant Andrew Roth's employers and directly responsible for his hiring and supervision. County Defendants were negligent in hiring, retaining, and failing to properly supervise Deputy Sheriff Andrew Roth.

22. That the County Defendants permitted Deputy Roth the use of an official Adams County Vehicle to patrol on an individual basis without direct supervision.

23. That the County Defendants failed to properly train, supervise and administer Deputy Sheriff Andrew Roth who they knew or should have known had a propensity toward inappropriate behavior to private citizens.

24. That during the course of the arrest of Plaintiff, Defendant Roth acted in a willful and wanton manner in applying excessive force causing injuries to Plaintiff.

25. That during the course of the arrest of Plaintiff, Defendant Roth used excessive force.

26. That as a direct and proximate result of the County Defendants failure to properly train, supervise or administer Deputy Andrew Roth, the Deputy either intentionally or recklessly or negligently caused injuries to the Plaintiff during the course of an arrest whether lawful or unlawful that resulted in Plaintiff's injuries and damages.

### THIRD CLAIM FOR RELIEF
### (Against All Defendants)

27. Plaintiff incorporates paragraphs one through twenty-six above as if fully set forth herein.

28. That during the course of the arrest of the Plaintiff, Plaintiff was denied his

constitutional rights to be free of unlawful arrest and free from the use of excessive force. Plaintiff was denied his rights to liberty and to be free from cruel and unusual punishment through the direct acts of Deputy Sheriff Andrew Roth and the indirect conduct of the County Defendants.

29. That as a result of Defendants' conduct, Plaintiff was charged with a state law offense that required him to defend such charges. As a result of the charges, Plaintiff incurred attorney fees, lost employment opportunities and other damages in an amount to be demonstrated at trial.

30. That as a result of Defendants' conduct Plaintiff suffered injuries and other damages in an amount to be proven at trial.

31. That the acts of Defendants was willful and wanton and deprived Plaintiff of his rights as guaranteed by the Colorado and United States Constitutions.

32. That the Defendants conduct violates the Plaintiff's rights as guaranteed by Article II, Section III, VII, XX and XXV of the Colorado Constitution and the 4th, 5th, 8th, 11th and 14th Amendments to the United States Constitution. Defendants conduct is contrary to the protections afforded Plaintiff's civil rights by 42 U.S.C. §1983.

33. That as a result of the Defendants' conduct, Plaintiff is no longer secure in his person, is now afraid of law enforcement authorities, and continues to have ongoing fears with regard to his personal safety and liberty while a resident of Adams County, Colorado.

### FOURTH CLAIM FOR RELIEF

**(Against All Defendants)**

34. Plaintiff incorporates paragraphs one through thirty-three above as if fully set forth herein.

35. That during the course of his arrest, Plaintiff repeatedly requested medical assistance and was denied medical attention.

36. That the conduct of Defendants in denying medical attention to Plaintiff then releasing him into the City of Brighton late at night without allowing him to make a phone call and without money was willful and wanton and a violation of his rights as guaranteed by the Colorado and United States Constitution.

37. That Defendants Deputy Sheriff Andrew Roth, Deputy Sheriff John Doe and the County Defendants, through their conduct violated Plaintiff's rights as guaranteed by the U.S. and Colorado Constitution and is contrary to the protections afforded to his civil rights by 42 U.S.C. Section 1983.

38. During the course of his arrest, and his release, Plaintiff was subjected to cruel and unusual punishment, the denial of proper medical treatment and as a result suffered damages thereby.

## FIFTH CLAIM FOR RELIEF

**(Punitive Damages for Willful and Wanton Acts– All Defendants)**

39. Plaintiff incorporates paragraphs one through thirty-eight above as if fully set forth.

40. That Defendants Deputy Sheriff Andrew Roth, John Doe and the County Defendants, engaged in willful and wanton conduct of denying the Plaintiff medical care and treatment, releasing him out in the street without medical care and treatment and subjecting him to the application of excessive physical force

during his arrest.

41. As a result of the willful and wanton conduct of Defendants, Plaintiff is entitled to exemplary damages in an amount to be proven at trial.

**PLAINTIFF REQUESTS THIS MATTER BE HEARD BEFORE A JURY OF SIX PERSONS.**

**WHEREFORE,** Plaintiff prays this Court enter judgment in his favor and against all Defendants, in an amount to be demonstrated at trial, plus costs of bringing this action and attorney fees as provided by state law and 42 USC § 1988.

Dated: 3-29-10

David R. Juarez, #13304
Attorney for Plaintiff

Plaintiff's Address:
John Vetter
2461 W. 55th Avenue
Denver, Colorado 80221

**VERIFICATION**

STATE OF COLORADO )
)Ss.
COUNTY OF Adams )

I, swear/affirm under oath that I have read the foregoing document and that the information provided therein is true and correct to the best of my knowledge and belief.

Subscribed and sworn to before me on this 29th day of March, 2010.

8/23/2011
My commission expires          Notary Public